**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**



| | |
|---|---|
| ERIC A. HICKS, | : |
| Petitioner | : |
| v. | : Crim. No. 93-0097-02 (JR) |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

### MEMORANDUM ORDER

Eric Hicks moved on October 7, 2005 to modify his sentence [568] under 18 U.S.C. § 3582(c)(2). That motion was denied on February 2, 2006 [576]. Now comes Mr. Hicks again, with a "motion to expand the record pursuant to Section 201 of the Federal Rules of Evidence," [587]. The gist of this motion is that a recent Ninth Circuit decision, that the Supreme Court's decision in <u>Booker</u> applies to § 3582(c)(2) resentencing, is an "adjudicative fact" of which I may and should take notice.

I will skip over the procedural difficulties with Mr. Hicks' motion -- "judicial notice" under Rule 201 of the Rules of Evidence is intended for ongoing proceedings, not proceedings like this one that are closed; and, since the relief Mr. Hicks really wants is to be let out of prison earlier than he otherwise would be, his motion should be considered a petition for habeas corpus, which he may not file and which would in any event not lie in my jurisdiction -- and instead address the merits of his position.

The holding of U.S. v. Hicks, 472 F.3d 1167 (9th Cir. 2007), is that Booker applies to resentencing proceedings under § 3582(c)(2). That decision is not controlling in this Circuit, but it is certainly persuasive, and I would be inclined to follow it, if resentencing under § 3582(c)(2) were appropriate in Mr. Hicks' case. Resentencing under § 3582(c)(2), however, is not appropriate. That was my ruling in the memorandum order I issued on February 2, 2006 [576], in which I tried to explain that the Sentencing Commission's reduction of the maximum base offense level for a defendant who would have been assigned a base level between 38 and 42 based on the weight of drugs involved, USSG § 2(d)1.1(c), is overwhelmed by the 10 enhancement levels that were added to Hicks' original sentence by the sentencing judge. I can and will take "judicial notice" of the Ninth Circuit opinion -- actually I can take account of a judicial opinion without taking judicial notice -- but it makes no difference to Mr. Hicks' sentence. As a formal matter, petitioner's motion to expand the record [587] is **granted**, but the relief petitioner requests, which is resentencing, is **denied**.

_____
JAMES ROBERTSON
United States District Judge