UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | Criminal Action No. 93-0097(BAH) |
| ERIC A. HICKS, | Chief Judge Beryl A. Howell |
| Defendant. | |

### MEMORANDUM OPINION AND ORDER

In 1994, the defendant Eric Hicks was sentenced to two concurrent terms of life imprisonment, without possibility of parole, after his conviction at trial of conspiring to possess with intent to distribute cocaine base and to participate in a Racketeering Influenced and Corrupt Organization ("RICO"), and three counts of distributing cocaine base, in violation of 18 U.S.C. § 1962(d) and 21 U.S.C. §§ 841 and 846, stemming from his participation in the "First Street Crew," which, from early 1988 until March 1993, sold crack cocaine and engaged in "violent activities." *United States v. White*, 116 F.3d 903, 909 (D.C. Cir. 1997). Over the last twenty-three years, the defendant has unsuccessfully sought relief, pursuant to 28 U.S.C. § 2255, and again seeks to vacate, set aside, or correct his sentence in light of a new, previously unavailable rule of constitutional law, announced by the Supreme Court in *Graham v. Florida*, 560 U.S. 48, 82 (2010) (holding that "[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide"), *Miller v. Alabama*, 567 U.S. 460, 465 (2012) (extending *Graham* to hold that "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment"), and *Montgomery v. Louisiana*, 136 S. Ct. 718, 732 (2016) (holding that "*Miller* announced a substantive rule that is retroactive in cases on collateral review"). Def.'s § 2255 Mot. Vacate

1

("Def.'s Mot.") ¶¶ 13, 18, ECF No. 640; Def.'s Mem. Supp. § 2255 Mot. ("Def.'s Mem.") at 5–6, ECF No. 640-1.[1] The defendant argues that, under *Graham* and *Miller*, which prohibit mandatory sentences of life without parole for crimes committed by juveniles, his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment because his five-year-participation in the drug and RICO conspiracies, for which he stands convicted, began one day before his eighteenth birthday. As explained below, this motion is untimely and, even if timely, would be denied as meritless.[2]

## I. LEGAL STANDARD

The petitioner bringing a 28 U.S.C. § 2255 motion bears the burden of establishing, by a preponderance of evidence, a denial of constitutional rights. *Daniels v. United States*, 532 U.S. 374, 381–82 (2001); *United States v. Simpson,* 475 F.2d 934, 935 (D.C. Cir. 1973) (concluding that, in § 2255 action to set aside plea of guilty, "the preponderance of evidence supports the judgment rejecting petitioner's claim"). Any § 2255 motion is subject to "the strict time limits that Congress has placed on prisoners seeking collateral relief." *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002). When claiming relief under a new rule of constitutional law, the § 2255 motion must be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). A right is "initially recognized" on "the date on which [the Supreme] Court 'initially recognized' the right asserted in an applicant's § 2255 motion," not "the date on which the right is 'made retroactiv[e].'" *Dodd v. United States*, 545 U.S. 353, 354–55 (2005) (alteration in original); *see also In re Williams,*

---

[1] The defendant simultaneously filed a separate § 2255 motion seeking a sentence reduction, based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Def.'s § 2255 Mot. Vacate, ECF No. 641. That motion was denied. Mem. Op. and Order, dated Nov. 16, 2016, ECF No. 642; *see also* Mem. Op. and Order, dated June 14, 2017, ECF No. 658 (denying motion for reconsideration).

[2] In granting petitioner leave to file the instant successive § 2255 motion, the D.C. Circuit expressed "no opinion as to the timeliness of [the defendant's] § 2255 motion or the merits of his claims." *In re Hicks*, USCA No. 16-3030, 2016 U.S. App. LEXIS 16484 at *1, ECF No. 638 (D.C. Cir. Sept 7, 2016).

759 F.3d 66, 68 (D.C. Cir. 2014) (holding the date on which case finding a new rule of constitutional law "was decided" is "the date on which the right asserted was initially recognized by the Supreme Court"). Though this statutory bar has "the potential for harsh results in some cases," the courts are "not free to rewrite the statute that Congress has enacted." *Dodd*, 545 U.S. at 359.

## II. DISCUSSION

The timeliness and merits, or lack thereof, of the defendant's § 2255 motion are addressed *seriatim* below.

### A. § 2255 MOTION IS UNTIMELY

The defendant filed the instant § 2255 motion, on September 7, 2016, within one year of *Montgomery v. Louisiana*, 136 S. Ct. 718, 732 (2016), which applied retroactively the rules announced in *Graham* and *Miller*. See Def.'s Mot. The date on which *Montgomery* was decided is not, however, when the new constitutional rule was "initially recognized." *Dodd*, 545 U.S. at 359; *In re White*, 2017 U.S. App. LEXIS 2125 at *1 (D.C. Cir. Feb. 6, 2017). Thus, to the extent that the defendant contends that his § 2255 petition is timely because it "has been filed whin [sic] one year of . . . *Montgomery*," Def.'s Mot ¶ 18, he is incorrect. To the contrary, the defendant filed the instant motion more than five years after *Graham* was decided and nearly three years after *Miller* was decided. Thus, the deadline for a timely petition by the defendant was, at the latest, in June 2013, one year after *Miller*, rendering his motion untimely.

The defendant nonetheless argues in his reply that the one-year statute of limitations should be subject to equitable tolling. Def.'s Reply to Gov't's Opp'n to § 2255 Mot. ("Def.'s Reply") at 2, ECF No. 671.[3] As support, the defendant states that "certain occurrences so

---

[3] The defendant requests that his equitable tolling argument be treated as conceded under Local Civil Rule 7(b), due to the government's failure to rebut this argument, which the defendant had raised in his reply seeking

compromised his mental state during the relevant period that he was rendered unable to identify or articulate an Eighth Amendment claim." *Id.* at 3.[4]

A habeas petitioner is entitled to equitable tolling only if he shows (1) "that he has been pursuing his rights diligently," and (2) "that some extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also United States v. McDade*, 699 F.3d 499, 500 (D.C. Cir. 2012) ("Guided by *Holland v. Florida*, interpreting 28 U.S.C. § 2244, we join our sister circuits in holding that equitable tolling applies to § 2255 motions." (internal citation omitted)). The extraordinary circumstance cited by the defendant is "the level of stress and trauma attributable to his service of a life sentence, the disappearance of his parents and the correspondence he received indicating that his mother was alive and would contact him and his sister." Def.'s Reply to Gov't's Opp'n to Leave to File § 2255 Mot. ("Def.'s Cir. Reply") at 3, D.C. Cir. No. 16-3030, Doc. No. 1621771 (D.C. Cir. June 24, 2016). The defendant's mother has apparently been missing since 1975, and the alleged correspondence consisted of approximately five anonymous letters sent to the defendant between November 2009 and February 2014 concerning his mother being alive. *Id.* at 2; *id.*, Ex. 1, Sworn Aff. of Eric Hicks ("Def.'s Aff.") ¶¶ 2–3. In an affidavit filed at the D.C. Circuit, the defendant asserts that "he was so distraught, distressed, and traumatized that it rendered him unable to locate,

---

authorization from the D.C. Circuit to file a successive § 2255 motion. Def.'s Reply at 4–5. This request is denied since the equitable tolling argument was raised for the first time before this Court only in his reply brief, to which the government has no automatic right to respond. *See* LCvR 7(b); *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016) (noting that treating a motion as conceded is within the District Court's discretion).

[4] The defendant also explains that, in 2014, he was pursuing commutation under President Obama's Clemency Initiative, which effort was only permitted if no other forms of judicial or administrative relief are available and thus a pending § 2255 motion would have disqualified him from seeking clemency. Def.'s Reply at 3–4. The defendant was first contacted in 2014 regarding the Clemency Initiative, Def.'s Reply to Gov't's Opp'n to Leave to File § 2255 Mot. at 2, No. 16-3030, Doc. No. 1621771 (D.C. Cir. June 24, 2016), and therefore this excuse cannot serve as a basis for any equitable tolling of the one-year period after *Miller*, between June 2012 and June 2013.

4

research or litigate a legal claim or to assist any individual doing the same on his behalf." Def.'s Aff. ¶ 4.

Although the receipt of letters about a long-missing parent would understandably cause the defendant emotional distraction and even distress, the D.C. Circuit has never held that such distress constitutes "extraordinary circumstances" warranting equitable tolling of the applicable limitations period for the filing of a § 2255 motion.[5] While some circuits have found that mental incompetence may constitute an extraordinary circumstance warranting equitable tolling of § 2255's limitations period, this has been limited to cases where the incompetence is so severe as to have been subject to diagnosis and documentation by medical or expert personnel or otherwise requiring some form of hospitalization. *See, e.g.*, *Bills v. Clark*, 628 F.3d 1092, 1094–95 (9th Cir. 2010) (allowing equitable tolling where the petitioner was illiterate and had "neurological deficits, borderline to mildly retarded level of intelligence," and "could [not] understand his legal rights sufficiently to make rational choices with respect to acting upon them" (alteration in original); *Stiltner v. Hart*, 657 Fed. App'x. 513, 522 (6th Cir. 2016) (tolling the statute of limitations where detailed evidence showed that the petitioner was in fact "mentally incompetent"). By contrast, undocumented and otherwise unsupported claims of incompetence have been found insufficient to establish "extraordinary circumstances." *See, e.g.*, *Alva v. Busby*, 588 Fed. App'x 621, 622 (9th Cir. 2014) (denying equitable tolling where petitioner's claim that "he suffered from distress and hypoglycemia which caused confusion and difficulty thinking . . . does not meet the *Bills* standard"); *Champney v. Sec'y Pa. Dep't of Corr.*, 469 Fed. App'x 113,

---

[5] The defendant's claim that he suffered four years of incapacitating distress during the period that he received the five letters about his mother is too convenient to be credible and is belied by his litigating activities during this period of 2009 to 2014, when he received the last letter. Specifically, the defendant was sufficiently able to function to file a *pro se* motion in this Court in 2012, *see* Order Denying Motion to Join Co-Defendant's Motion, ECF No. 624, and to initiate a Freedom of Information Act (FOIA) suit, in January 2013, against the Executive Office for the United States Attorneys, *see Hicks v. Exec. Office for United States Attys.*, 12 F. Supp. 3d 25 (D.D.C. 2013).

117–18 (3d Cir. 2012) (denying equitable tolling where petitioner had never "been adjudicated incompetent"); *see also United States v. Williams*, 485 Fed. App'x 978, 979 (10th Cir. 2012) ("Equitable tolling based on mental incapacity is warranted only in exceptional circumstances, where, for example, the objective standard of adjudication or institutionalization is met." (internal quotation marks omitted)). The defendant's claim—unsupported except by his own three-page affidavit— of incapacitating stress from letters about his long-lost mother simply falls far short of establishing the severe level of mental incapacity shown in *Bills* or *Stiltner* that would meet the standard of extraordinary circumstances warranting equitable tolling of the limitations period.[6] Accordingly, the defendant's § 2255 motion must be dismissed as untimely.

**B. § 2255 MOTION IS WITHOUT MERIT**

Even if not untimely, the instant motion would fail on the merits because *Graham* and *Miller* present no bar to the sentence imposed. As the defendant concedes, the superseding indictment alleged that the charged conspiracies occurred from "on or about February 1988" through February 1993, and, consequently, since his birthday is February 2, 1970, the defendant was a juvenile for, at most, one day during the five years of the charged conspiracies. Def.'s Mem. at 3. Indeed, much of the evidence proving the defendant's participation in the conspiracy to distribute cocaine base and the RICO conspiracy post-dates his eighteenth birthday on February 2, 1988. *See* Gov't's Opp'n to Def.'s § 2255 Motion ("Gov't's Opp'n"), at 4–8, ECF No. 645 (summarizing evidence presented at trial, including the defendant's December 1988 arrest for selling "crack cocaine to an undercover police officer"; video evidence from the

---

[6] Even if equitable tolling on the basis of mental incapacity were available in this Circuit, the defendant's factual support for this claim is wholly insufficient to warrant further development of the record. *Compare Boulb v. United States*, 818 F.3d 334, 340 (7th Cir. 2016) (denying remand for an evidentiary hearing where the petitioner provided only "conclusory allegations," not "specific facts about those alleged mental deficiencies"), *with Dent v. Knowles*, 448 Fed. App'x 705, 706 (9th Cir. 2011) (remanding to develop the record where the *pro se* petitioner had "made a good-faith showing of mental incompetence" by "attach[ing] a sworn declaration and roughly 70 pages of documentation, including medical records" showing an IQ of 56).

6

summer of 1990 of drug activity; drug sales by the defendant in late 1991; and evidence from searches of residences in August 1990 and February 1992). Moreover, the government correctly notes that *Graham* and *Miller*, which both involved convictions for discrete, one-time acts by juveniles—attempted burglary and attempted armed robbery in *Graham*, 560 U.S. at 53–54, and murder in *Miller*, 567 U.S. at 465—have not been extended to convictions where any of the criminal acts occurred substantially or in part after the defendant's eighteenth birthday. Gov't's Opp'n at 8. Thus, the defendant's claim is without merit.

### C. NO CERTIFICATE OF APPEALABILITY IS WARRANTED

If a district court "enters a final order adverse to the applicant," it "must issue or deny a certificate of appealability" ("COA") to the defendant. Fed. R. Crim. Pro. Gov. § 2255 Proceedings 11; *United States v. Mitchell*, 216 F.3d 1126, 1130 (D.C. Cir. 2000) ("[T]he district court should rule in the first instance on whether a COA should be issued" (citing Fed. R. App. P. 22(b)). A certificate of appealability is appropriate when the defendant shows "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the court denies the § 2255 motion on procedural grounds, a COA should issue only if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [] jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *United States v. Baxter*, 761 F.3d 17, 26 n.10 (D.C. Cir. 2014) (quoting *Slack*, 529 U.S. at 484).

In this case, the defendant is not entitled to a COA because "reasonable jurists" would not debate that the defendant failed to file a timely § 2255 motion and that equitable tolling is not warranted.

## III. CONCLUSION

For the foregoing reasons, petitioner's § 2255 motion to vacate his sentence is denied as untimely and, in any event, would otherwise fail on the merits. Accordingly, it is hereby

**ORDERED** that the defendant's Motion to Vacate, Set Aside or Correct His Sentence, ECF No. 640, is **DENIED**; and it is further

**ORDERED** that no certificate of appealability will issue.

**SO ORDERED**

Date: January 5, 2018

_____
BERYL A. HOWELL
Chief Judge